IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

WILLIAM A. MUCKERHEIDE,

Plaintiff,

v.                                                                No. CIV 08-1162 BB/WDS

VILLAGE OF BOSQUE FARMS,
OFFICER J. WILKINS, OFFICER F.
GARCIA, SERGEANT A.M. OWEN, and
CHIEF J. STIDHAM,

Defendants.


<u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court for consideration of a motion to dismiss filed by Defendants [Doc. 15]. The individual Defendants claim they are entitled to qualified immunity, and the municipal defendant argues there are no allegations in the complaint that could give rise to municipal liability. Having considered the submissions of the parties and the applicable law, the Court will grant the motion and dismiss this case for the reasons discussed below.

**Standard of Review**

In considering a motion to dismiss, the Court must accept the factual allegations in the complaint as true and resolve all reasonable inferences in Plaintiff's favor. *See Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir.1998). Dismissal for failure to state a claim is not appropriate unless it appears beyond doubt that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations omitted).

**Discussion**

The allegations of the complaint and the arguments submitted by the parties make it clear that the following facts are undisputed in this case: (1) Plaintiff was driving his motorcycle with an expired registration and license tag; (2) Plaintiff was also driving his motorcycle with an expired driver's license; (3) Plaintiff contends the only reason his driver's license is expired is because the New Mexico Department of Motor Vehicles ("DMV") wrongfully refused to renew the license in 2003; (4) DMV allegedly refused to renew the license due to a claim by the state of Massachusetts that Plaintiff owes some type of back tax;[1] (5) Due to DMV's allegedly arbitrary actions, Plaintiff has refused to renew his vehicle registration, and that is why it has expired; (6) After Plaintiff was stopped by one of the police-officer Defendants, his expired driver's license and expired license tag were taken from him; (7) At the same time, Plaintiff's motorcycle was towed to a location other than his home, he was deprived of the motorcycle for five or six days, and he had to pay a certain amount of money to regain possession of the motorcycle.

On the basis of these facts, Plaintiff has filed this lawsuit claiming Defendants violated his constitutional rights.  His central argument is that DMV had no legal right to refuse to renew his driver's license, which means he still had a legal right to drive his motorcycle.  Therefore, he argues, Defendants wrongly deprived him of the property he was using to exercise that legal right – his expired driver's license, expired registration and license tag, and his motorcycle.

There are several problems with this argument.  First, with respect to the registration, Plaintiff admits that he "has refused to renew it, and the reason is simple" – he refuses to provide revenue to support an arbitrary government agency.  Plaintiff's principled stand, however, does not

---

[1]Defendants state that the amount is around $20.00, but the amount is not material to the motion to dismiss, nor is the exact type of tax that Massachusetts claims is owed.

give him the right to ignore state law and drive a vehicle that does not have a current registration. New Mexico law requires that a vehicle have a current registration, and provides that vehicles without such current registration may be seized and held until the required fees are paid.  NMSA § 66-3-127(E).  There is nothing in the statute that gives a motorist the right to refuse to pay the registration if DMV, in the motorist's opinion, is acting arbitrarily.  Plaintiff's argument that his driver's license should have been renewed in 2003, therefore, has no impact on the registration issue.

The second problem with Plaintiff's argument is that, even if he can prove DMV wrongly refused to renew his driver's license, he has not yet done so in a court of law.  Until he can get DMV to change its mind, or have an appropriate court do so, any reasonable law enforcement officer is entitled to act on the ground that, at this time, Plaintiff's driver's license has expired and has not been renewed.  Plaintiff cannot require an officer to look behind the expiration issue and question whether DMV acted rightly or wrongly in refusing to renew the driver's license.  Instead, it is up to Plaintiff to obtain a valid, current driver's license by either meeting DMV's requirements, convincing DMV to change those requirements, or convincing an appropriate court that DMV has acted illegally.[2]  Put simply, an officer who stops a motorist and discovers the motorist does not possess a valid, up-to-date driver's license, is not required to consider the motorist's argument that there is a valid explanation for the lack of such a license.  Instead, the officer can simply rely on the fact that the motorist does not possess a facially valid, up-to-date driver's license and act accordingly.  Put in more legalistic terms, Plaintiff does not have a right to collaterally attack DMV's actions in legal proceedings such as this one, that do not involve DMV itself.  Instead, he must

---

[2]The Court emphasizes "appropriate" court because a different judge in this district has already dismissed a lawsuit filed by Plaintiff on the basis, in part, that DMV is not amenable to suit in federal court without its consent.

directly attack DMV's actions and obtain reversal of DMV's decision, before he will be able to legally drive in New Mexico.

The above discussion establishes that Plaintiff does not, contrary to his arguments, have a right to drive his motorcyle without current registration.  In addition, unless and until he obtains a valid driver's license from DMV, he does not have a right to drive any vehicle in the state of New Mexico.  It appears, however, that Plaintiff's complaint raises other claims that are not dependent on his argument that DMV has not validly deprived him of his right to drive.  He maintains that the Defendants who were on the scene of the traffic stop should not have confiscated his expired driver's license and expired license tag, and should not have had his motorcycle towed away to a location other than his home, whether or not the officers accepted his arguments about DMV and his legal right to drive.  The Court addresses those arguments below.

As the Court pointed out above, a New Mexico statute specifically granted Defendants the authority to seize Plaintiff's motorcycle and hold it until he paid the required registration fee, plus any penalties he might have owed.  § 66-3-127(E), *supra*.  Although there do not appear to be many published cases on the issue, the cases the Court has managed to locate hold that the Constitution is not violated if an unregistered vehicle is towed and withheld from the owner until the appropriate fees required by state law are paid.  *See Scofield v. City of Hillsborough*, 862 F.2d 759, 762 (9th Cir. 1988) (where towing is authorized by state statute, pre-impoundment notice and hearing is not required); *Harris v. County of Calhoun*, 127 F.Supp.2d 871, 876 (W.D. Mich. 2001) (pre-towing hearing is not required when unregistered vehicle is towed at direction of police officer and in accordance with state law).  Given this authority, and the lack of authority to the contrary, the Court will grant the individual Defendants' request for qualified immunity on the issue of the towing and impoundment of the motorcycle.  *See, e.g., Christensen v. Park City Mun. Corp.*, 554 F.3d 1271,

4

1277-78 (10th Cir. 2009)(if law on constitutional question is not clearly established, and officers act on basis of state law or regulation, officers will be entitled to qualified immunity).

The Court has not located a specific New Mexico statute authorizing an officer to confiscate an expired driver's license or license plate.  However, the Court holds Defendants are entitled to qualified immunity with respect to this issue also.  The only cases the Court has located indicate such confiscation is not a violation of the Constitution.  *See Buehler v. Stalder*, 193 F.3d 518 (5th Cir. 1999) (officer's confiscation of suspended driver's license was not violation of due process); *cf. Lopez v. I.N.S.*, 758 F.2d 1390, 1393 (10th Cir. 1985) (confiscation of drivers' licenses from aliens who were believed to be violating immigration laws did not exceed scope of federal agents' authority).  Both of these cases stand for the principle that a driver's license (even an apparently valid one, as was the case in *Lopez*) may be confiscated if it is being used in violation of the law or to facilitate a violation of the law.  In this case, Plaintiff was carrying his expired driver's license and displaying an expired license tag on his motorcycle, while he broke the law by driving the motorcycle.  A reasonable law enforcement officer, given the lack of any established law on the subject, could not be expected to know that seizure of the expired driver's license and expired license tag might run afoul of the Constitution.[3]  Again, therefore, the individual Defendants cannot be held liable under § 1983 because there is no clearly established law that would have informed them they were not entitled to seize these items of property.

The final question concerns the municipal Defendant, the Village of Bosque Farms.  Municipalities are not entitled to the protections of qualified immunity.  *See Christensen, supra,* 554 F.3d at 1278.  In order to hold a municipality liable for a constitutional violation, however, a plaintiff

---

[3]The Court is not holding that such seizure does in fact violate the Constitution; it is not necessary to decide that question in this case, due to the resolution of the qualified-immunity issue.

must allege that the violation was caused by a municipal custom or policy.  *See id.* at 1279.

Plaintiff's complaint does not allege such a custom or policy, and therefore fails to state a claim

against the Village.  Dismissal is therefore appropriate with respect to the Village as well as the

individual Defendants.

       Based on the foregoing, an order of dismissal will be entered in this case.

**BRUCE D. BLACK**
United States District Judge